# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11487

_____

LUIS MANUEL RODRIGUEZ,
MARIA RODRIGUEZ,
  a.k.a. Maria Teresa Landa,
ALFREDO RAMON FORNS,
RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ, et al.,

                *Plaintiffs-Appellants,*

versus

IMPERIAL BRANDS, PLC.,
CORPORACION HABANOS, S.A.,
WPP, PLC.,
YOUNG & RUBICAM, LLC.,
BCW, LLC.,
  a.k.a. Burson Cohn & Wolfe LLC,

                *Defendants-Appellees.*

| | | |
|---|---|---|
| 2 | Order of the Court | 24-11487 |

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23287-DPG

_____

ORDER:

The Court has determined that it needs additional briefing on the import of the Supreme Court's decision in *Fuld v. Palestine Liberation Organization*, 145 S. Ct. 2090 (2025). Accordingly, the parties are directed to file supplemental briefs addressing that decision and its impact on this case. In their briefs, the parties should address (among any other issues) the following questions:

1. Is the Supreme Court's decision in *Fuld* limited to cases arising from statutes that, like the PSJVTA at issue there, authorize courts to exercise personal jurisdiction? If so, does the Helms-Burton Act authorize the exercise of personal jurisdiction over the defendants here? Should any argument that Helms-Burton authorizes such jurisdiction be considered abandoned because the plaintiffs, in their brief to this court, argued that personal jurisdiction exists over the defendants by virtue of Fed. R. Civ. P. 4(k)(2), rather than Fed. R. Civ. P. 4(k)(1)(C)?

2. Is it relevant to the personal-jurisdiction analysis that the Helms-Burton Act expressly provides for service of process, *see* 22 U.S.C. 6082; 28 U.S.C. 1608? How was service of process effectuated on each of the defendants in this case?

3. In *Fuld*, the Supreme Court held that "the Fifth Amendment does not impose the same jurisdictional limitations as the Fourteenth," but the Court "[did] not purport to delineate the outer bounds of the Federal Government's power, consistent with due process, to hale foreign defendants into U.S. courts." 145 S. Ct. at 2106. What limits, if any, does the Fifth Amendment impose on a federal court's exercise of personal jurisdiction over an extraterritorial defendant? Based on those limits, is there personal jurisdiction in this case?

The parties should file their briefs on or before Friday, October 17, 2025. Briefs should be no longer than 10,000 words.

DAVID J. SMITH<br>
Clerk of the United States Court of<br>
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION